UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARSHAY CHAPMAN,

      Plaintiff,

Case No. 15-12367

Honorable John Corbett O'Meara

v.

GENERAL MOTORS, L.L.C.,

      Defendant.

                                               /

**ORDER GRANTING DEFENDANT'S APRIL 14, 2016
MOTION FOR INVOLUNTARY DISMISSAL**

This matter came before the court on defendant General Motors' April 14, 2016 motion for involuntary dismissal. No timely response was filed, although plaintiff Marshay Chapman wrote the court a letter May 27, 2016, seeking appointment of counsel.

Plaintiff Marshay Chapman, represented by counsel, filed a complaint in this court July 1, 2015, alleging discrimination against defendant General Motors ("GM"), her former employer. An amended complaint was filed on her behalf August 6, 2016. A month later Chapman's attorney filed a motion to withdraw as counsel. The court granted the motion September 10, 2015, and provided Plaintiff 60 days in which to retain new counsel. Plaintiff failed to do so.

The court entered a scheduling order in this matter January 11, 2016. Shortly thereafter, on January 22, 2016, defendant GM served Plaintiff with its First Set of Interrogatories via email and regular mail. Plaintiff failed to answer; and on February 26, 2016, GM filed a motion to compel discovery. The motion was referred to Magistrate Judge Elizabeth A. Stafford.

The magistrate judge ordered Chapman to respond to the motion by March 11, 2016, and to appear at a hearing March 25, 2016. Plaintiff did neither. Based on Chapman's failure to respond

and to appear for the hearing, Magistrate Judge Stafford entered an order granting GM's motion to compel discovery. The magistrate judge's order warned that "[f]ailure to comply with this order may result in sanctions, including involuntary dismissal of the case pursuant to Federal Rule of Civil Procedure 37(b)(2)." March 25, 2016 order at 1-2. Plaintiff failed to comply with the order.

In her May 27, 2016 letter to the court, plaintiff Chapman appears to seek appointment of counsel by the court. The appointment of counsel in a civil case, however, is a privilege and not a constitutional right, one that should be allowed only in exceptional cases. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982). The court finds that this is not an exceptional case meriting court-appointed counsel.

Plaintiff's failure to retain counsel within the 60-day period granted in its September 10, 2015 order, along with Plaintiff's failure to participate in discovery and failure to appear at a hearing as ordered by Magistrate Judge Stafford, warrants dismissal of the action pursuant to Rule 37(b)(2).

## ORDER

It is hereby **ORDERED** that defendant General Motors' April 14, 2016 motion for involuntary dismissal is **GRANTED.** However, the court will not assess costs and attorney fees at this time.

> s/John Corbett O'Meara
> United States District Judge

Date: June 14, 2016

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 14, 2016, using the ECF system and/or ordinary mail.

> s/William Barkholz
> Case Manager